## No. 8936.

JACKSON-RICHTER IRON WORKS COMPANY *v.* BERNDT.

APPEAL AND ERROR—*Record on Error—Rule 20.*   An order of the trial court granting leave to tender the record on error is unnecessary, and a mere nullity.

The service of the record on error upon opposing counsel is jurisdictional.   The record must set forth the pleadings and the errors assigned.

*Error to Denver District Court, Hon. J. W. Sheafor, Judge.*

Messrs. WEST & STRICKLAND, Mr. JOHN E. FETZER, for plaintiff in error.

Mr. L. J. STARK, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

THIS case is before us upon motion to dismiss the writ of error for failing to comply with rule 20 of the rules of this court which went into effect September 14, 1914, regarding the record on error.

February 14, 1916, the jury returned a verdict in favor of plaintiff below, and ten days were allowed defendant to file motion for a new trial, which was filed February 24th. March 20th this motion for a new trial was overruled, and judgment pronounced and entered on the verdict, and 60 days allowed defendant in which to prepare and tender to the judge the record on error. Execution was staid 30 days from March 20th by the trial court. April 19th writ of error issued out of this court, and was made a supersedeas. May 9th a copy of a paper writing called "record," prepared by defendant's counsel, was served on plaintiff's counsel. May 31st the purported record on error was tendered to the judge. June 8th objections were filed in the court below to the judge certifying the tendered record on error. June 10th these objections were overruled and the judge settled, signed and certified the purported record on error as tendered. June 12th the purported record on error, with assignment of errors attached, was filed in the District Court. June 20th the purported record on error, with assignment of errors attached, was filed in the Supreme Court, and August 2nd motion was filed to dismiss the writ of error, vacate the stay of execution and affirm the judgment.

The court order entered March 20th, allowing 60 days to prepare and tender to the judge the record on error, was superfluous, and performed no function, and was a nullity. Rule 20 provides that plaintiff in error shall make up the record on error which shall contain the assignment of errors relied on, together with as much of a transcript of the pleadings and record proper and the evidence as shall be necessary or essential to a proper consideration by the Supreme Court of the errors assigned; that the testimony shall be stated in the record on error in a simple, condensed, narrative form, save that, if either party desires

it, any part may be reproduced in the exact words of the witness. Within 60 days from the date of denying the motion for a new trial, plaintiff in error shall serve the original or a copy of the record on error so prepared by him upon opposing counsel, who shall have 30 days thereafter to suggest and present amendments thereto to the attorney who prepared the record on error. If amendments are suggested, the record on error, with the amendments, shall be submitted within 10 days thereafter to the trial judge for his approval, and when settled and signed shall be certified by him. If no amendments are suggested within 30 days the judge shall settle, sign and certify the record on error. After being certified by the judge it must be filed with the clerk of the trial court and certified by him, without being transcribed, to the Supreme Court, and shall constitute the sole record on review.

The so-called "record" served upon plaintiff's counsel was not the record on error. The serving of the record on error upon opposing counsel was jurisdictional. The trial judge was without jurisdiction to certify the record on error until it had been served upon opposing counsel. It was intended by rule 20 that defendant in error might know from the assignment of errors in the record on error whether to suggest amendments thereto. It is not the record on error when the assignment of errors, the pleadings, and the record proper are omitted. These are as much constituent parts of the record on error as the evidence, and they should be made a part of and incorporated in fact within the record on error when it is served upon opposing counsel.

Motion sustained and writ of error dismissed.

Decision *en banc.*

Mr. Justice Teller not participating.